UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHIZVETA L. STEPHENSON                                  PLAINTIFF

v.                                              CIVIL ACTION NO. 3:10CV-253-S

COUNSELOR METRO *et al.*                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Chizveta L. Stephenson filed this action on a Court-approved general complaint form. He also filed an application to proceed without prepayment of fees (DN 3), which is **GRANTED**. This matter is now before the Court on preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

The complaint lists four Defendants in the case caption: Counselour Metro, Judge Poltian, Officers, and PD. However, the portions of the complaint directing Plaintiff to state the grounds for his lawsuit, the statement of the claim, and the prayer for relief are left blank.

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Moreover, Federal Rule of Civil Procedure 8(a)(3) states that every pleading shall contain "a demand for the relief sought." Plaintiff has not alleged any facts concerning any Defendant, nor has he given any indication whatsoever of the relief he seeks. Therefore, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter an Order dismissing the action consistent with this Memorandum Opinion and Order.

Date:

cc: Plaintiff, *pro se*
4411.010